PARDY et al. v. J. D. HOOKER CO.

(Circuit Court of Appeals, Ninth Circuit. October 29, 1906.)

No. 1,322.

PATENTS—SUIT FOR INFRINGEMENT—USE BY EMPLOYER OF INVENTOR.

A suit for infringement of a patent cannot be maintained against a defendant who employed and paid the patentee to build the machines embodying the invention, for which the patent was afterward applied for and obtained, under an agreement that defendant was to pay all costs and expenses, and was to own any patent that should be issued, and where the machines so built were used by defendant, not only without objection on the part of the patentee, but under his direction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, § 364.

Right to inventions as between employer and employé, see note to Pressed Steel Car Co. v. Hansen, 71 C. C. A. 221.]

Appeal from the Circuit Court of the United States for the Southern District of California.

The bill in this case alleges that, prior to August 20, 1889, one George Pardy was the inventor of certain new and useful improvements in riveting machines, and that after making the invention died testate at the city and county of San Francisco, Cal., of which place he was a resident; that, after the death of said Pardy, such proceedings were had in the superior court of that city and county; that a decree was duly entered admitting to probate the last will of the said George Pardy, and directing letters testamentary to be issued to the appellant William Pardy, as executor of the estate, which was done; that by the will George Pardy devised a one-half interest in the invention to William Pardy, one-eighth to John Pardy, and three-eighths to Albertine Hasler; that, while the letters testamentary were in effect, and after the executor, William Pardy, had duly qualified thereunder, he did, on the 16th day of December, 1889, as such executor, duly file in the Patent Office of the United States an application for the issuance of letters patent covering the invention of the deceased Pardy, in pursuance of which application letters patent were on the 19th day of August, 1890, regularly issued to William Pardy, as executor of the estate of George Pardy, deceased, for the benefit and use of the devisees under the will; that on February 26, 1890, a decree was duly entered in the superior court of the city and county of San Francisco distributing "to William Pardy an undivided one-half interest in the aforesaid invention and the letters patent to be obtained therefor, and to John Pardy a one-eighth interest, and to Albertine Hasler a three-eighths interest"; that on the 2d day of May, 1903, John Pardy sold and assigned to William Pardy all his right, title, and interest in the letters patent, together with all rights of action which had accrued to him by reason of the infringement thereof; that the defendant, since February 13, 1895, without the license or consent of the complainants, within the jurisdiction of the court "has unlawfully and wrongfully used one or more pipe-riveting machines each containing and embracing the said invention described and patented in and by the said letters patent sued on herein, and has infringed upon the exclusive rights secured to your orators by said letters patent, and has made and realized large profits and

advantages therefrom, but to what amount your orators are ignorant and cannot set forth." The prayer is for an injunction and for an accounting and for general relief.

The answer of the defendant to the bill denies, among other things, that George Pardy was the inventor of the machines in question, and alleges that, prior to his death, to wit, about the year 1888, he was employed as a mechanic by J. D. Hooker, at the city of Los Angeles, to construct experimental machines embodying certain improvements in riveting machines invented by said J. D. Hooker, and then and there divulged and described to Pardy by him; that it was then and there agreed between Hooker and Pardy that Hooker should pay for all materials necessary for the construction of the machines, and should pay Pardy for his services "in embodying said invention in said machines, and that, in consideration thereof, the said J. D. Hooker should become and be entitled to all the benefits of said services of said Pardy, and become and be exclusive owner of the said experimental machines; that, thereafter and in pursuance of said agreement, the said George Pardy did construct experimental machines embodying said invention of said J. D. Hooker; that upon the completion thereof the said J. D. Hooker suggested certain material additions thereto, and changes therein, some of which were made by said George Pardy and some by others; that such experimental machines were made by or under the direction of said Pardy, all embodying the said invention, additions, and changes made by said J. D. Hooker; that said J. D. Hooker paid for the materials necessary for the construction of said experimental machines and for the said additions thereto, and paid the said George Pardy in full for all his said services in connection with the making and altering of said experimental machines, and said J. D. Hooker thereupon became and was and now is entitled to all the benefits derived from said services, and became and was and now is the sole owner of said experimental machines; that said William Pardy, acting as executor of said George Pardy, deceased, seeking surreptitiously to appropriate said invention, or so much thereof as is embraced in the claims of the patent sued on, unjustly and unlawfully filed in the Patent Office of the United States an application for said patent, wherein he falsely alleged the said George Pardy to be the inventor thereof, and thereafter he surreptitiously and unjustly obtained the patent sued on for that which was in fact invented by said J. D. Hooker, who was using reasonable diligence in adapting and perfecting said invention."

The defendant further alleged that, subsequent to the making of the machines above mentioned, J. D. Hooker, with the full knowledge of George Pardy, had several other machines similar to the first machines constructed, and also one or more machines embodying some of their features, and continuously used all of the machines with the full knowledge of, and without any objection by, George Pardy; and that, after the incorporation of the defendant, J. D. Hooker gave express permission to the defendant to use the machines, which defendant has done.

Hazard & Harpham, for appellants.

J. W. McKinley and Alexander H. Van Cott, for appellee.

Before GILBERT and ROSS, Circuit Judges, and DE HAVEN, District Judge.

ROSS, Circuit Judge, after making the foregoing statement, delivered the opinion of the court.

The court below, upon a consideration of all of the evidence in the case, adjudged that George Pardy was not the inventor of the invention patented, that the patent is void, and dismissed the bill at the complainants' cost. It appears from the evidence that in the year 1887 J. D. Hooker was engaged in manufacturing pipe at Los Angeles, and conceived the idea of making a machine to rivet such pipe, instead of doing the work by hand. George Pardy was at the time a mechanic

and patent solicitor. Hooker employed him to get up such a machine for him, and, according to the evidence, undoubtedly gave Pardy his own ideas as to how the desired object could be accomplished. It also clearly appears, both from the oral testimony and from the letters in evidence, that the distinct agreement between Hooker and George Pardy was that Hooker was to pay all the cost of the work and pay Pardy for his services, and was to own and control any patent that should be issued covering the machine. In accordance with that agreement, the first and only machines built by George Pardy were installed by Hooker in his establishment at Los Angeles, and used by him not only without objection by George Pardy during his lifetime, but under his supervision. It appears, further, that a third machine was installed by Hooker after George Pardy's death, which has been continuously used ever since by Hooker and his successor in interest, the defendant in error, J. D. Hooker Company, and that, as early as November, 1893, the appellant William Pardy knew of such use. The testimony of Hooker is to the effect that he paid all the cost of the machines and paid George Pardy in full for his services rendered under their agreement. Whether or not that be true, the present is not a suit to recover for such services or for such expenses, but only for an infringement of the patent issued to the appellant William Pardy, as the executor of the estate of George Pardy, and for an accounting of profits.

We are of the opinion that such suit cannot be sustained, in view of the distinct agreement between Hooker and the deceased Pardy, above alluded to, to say nothing of the appellants' laches. We are of the opinion, however, that the court below was, in view of the evidence, in error in adjudging that George Pardy was not the inventor of the machine patented. Hooker knew, or must be held to have known, that such patent could not have been issued except upon oath that George Pardy was the inventor. Hooker did not himself apply for such patent, and there is nothing to indicate that he ever contemplated doing so. It is true, as has been said, that he gave Pardy his own ideas and employed him to get up such a machine as he (Hooker) desired, but the accomplishment of the desired end was evidently left to Pardy. This is conclusively shown by this extract from the letter of Hooker to Pardy of December 23, 1887:

"It has always seemed to me that the motion to crush the rivets should be like the movement of the die machine at the Mint; you know how nicely that has to work, but you doubtless have investigated that movement."

The principle of the invention in question is not at all "like the movement of the die machine at the Mint," but, on the contrary, effects the riveting process by a roller movement.

We are of the opinion that the decree dismissing the bill at the complainants' cost is right, but that the court should not have adjudged the patent to be void, or that George Pardy was not the inventor of the machine patented.

The cause is therefore remanded to the court below, with directions to modify the judgment in accordance with the views above expressed, and as so modified it will stand affirmed.